IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff** | : <br> : <br> : |
| -against- | :    Civil Action No.    **WDQ13CV0762** <br> : <br> : |
| $8,954.34 in U.S. Currency,<br>**Defendant** | : |

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act, making the currency subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant is $8,954.34 in U.S. Currency.

3. The defendant property was seized from Gabriel Campa-Mayen on April 10, 2012, incident to his arrest in Tucson, Arizona.

### JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district and because the offense giving rise to the forfeiture took place in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. Between January 2010 and May 2010, Gabriel Campa-Mayen conspired with Julio Meza-Mendez, Carl Smith, Jean T. Brown and others to distribute kilogram quantities of marijuana.

9. On April 26, 2010, Gabriel Campa-Mayen conspired with Jean T. Brown and Leo Alvarez to murder Carl Smith, stated to Julio Meza-Mendez that he had killed Carl Smith, and stated to Carolina Adigun that he was paid to do so by a person identified as Jean T. Brown.

10. Before and after the dates set forth in paragraph 8, Gabriel Campa-Mayen engaged in the distribution of methamphetamine and other controlled substances in Tijuana, Mexico.

11. Before and after the dates set forth in paragraph 8, Gabriel Campa-Mayen engaged in financial transactions involving the proceeds of drug trafficking as he facilitated the purchase and sale of real and personal property by drug traffickers.

12. At the time of his arrest on April 12, 2012, Gabriel Campa-Mayen had the defendant property on his person.

13. Since the seizure, the defendant property has been and presently is in the custody of the Department of Homeland Security, Immigration and Customs Enforcement.

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the Department of Homeland Security, Immigration and Customs Enforcement, commanding the arrest of the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the Department of Homeland Security, Immigration and Customs Enforcement, dispose of the defendant property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

3/12/13
Date

Stefan D. Cassella
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Department of Homeland Security, Immigration and Customs Enforcement, and that everything contained therein is true and correct to the best of my knowledge and belief.

3/12/13
Date

Stefan D. Cassella
Assistant United States Attorney